IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NATHAN DAVID YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Lead Case: CV-06-214-S-BLW |
| v. | ) | Consolidated with |
| | ) | CV-06-276-S-BLW |
| RENAE J. HOFF, WILLIAM A. | ) | |
| MORROW, KEVIN E. DINIUS, | ) | **MEMORANDUM DECISION** |
| JAMES M. VAVREK, dba | ) | **AND ORDER** |
| WHITE PETERSON, DENNIS | ) | |
| WILKINSON, ROGER GABEL, | ) | |
| GREGORY M. CULET, | ) | |
| and 96 JOHN AND JANE DOES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it several Motions to Dismiss and for Attorney Fees

filed by Defendant Renae Hoff (Docket Nos. 19 and 43), Defendants William A.

Morrow, Kevin E. Dinius, James Vavrek, dba White Peterson, and Dennis P.

Wilkinson  (Docket No. 34), Defendant Gregory Culet, (Docket No. 60), and

Defendant Roger Gabel (Docket No. 61).  The Court has determined that it lacks

jurisdiction to hear Plaintiff's claims, and the lawsuit is subject to dismissal.

Defendants' request for attorney fees is denied based on the jurisdictional grounds.

**Memorandum Decision and Order – Page 1**

# BACKGROUND

Nathan Young is the Plaintiff in this action, and he appears to be alleging that Defendants conspired to violate his civil rights. The caption of Young's Complaint states that the case is "analogous to 42 U.S.C. 1983, 1985 & § 1986." *Amended Complaint*, p. 1. The alleged civil rights violations arose out of a lawsuit filed in Idaho state court in the fall of 2005. Defendants Morrow, Dinius, and Vavrek are attorneys for the law firm White Peterson ("The White Peterson Defendants"). The White Peterson Defendants were retained by the Trust and Estate Services Company of Idaho ("TRESCO"). TRESCO was acting as conservator for the estate of Ted and Faye Wells, and it sued Young, Young's business, Intermountain Precious Metals, and four other defendants to protect the Wells' interests. The state court complaint alleged that the Wells gave Young $117,000 for a quantity of gold and silver which Young failed to deliver to the Wells. The case was assigned to the Honorable Renae Hoff.

At the same time that the White Peterson Defendants brought suit against Young in Idaho state court, they made an application for Writs of Possession and Assistance. In February 2006, Judge Hoff issued an order to show cause why the writs should not be entered. The show cause hearing was held on May 4, 2006. At that hearing, Young filed an affidavit of prejudice against Judge Hoff and various

other affidavits, which were construed as a motion to dismiss.  Judge Hoff denied the motion to dismiss and entered the writs against Young.  Subsequently, Young recorded a $10,000,000 lien against Judge Hoff and the White Peterson Defendants.  The White Peterson Defendants retained Defendant Dennis Wilkinson who sent a demand to Young to remove the lien and threatened legal action against him.  Young refused to remove the lien, and he added Wilkinson as a defendant.

On May 31, 2006, Young filed the present lawsuit in federal court, alleging that Judge Hoff and the White Peterson Defendants violated his statutory and constitutional rights.  He claims that the White Peterson Defendants are practicing law without a license, and he further alleges that judicial immunity does not protect Judge Hoff.  Young alleges that the lawsuit filed in the Idaho state court violated his  Fourth Amendment rights,  was an "abusive simulation of legal process," and violated various provisions of Idaho law.

At the core of Young's suit, is what transpired during the show cause hearing that Judge Hoff conducted on May 4.  Young alleges that Judge Hoff excluded evidence and witnesses as part of a conspiracy with the White Peterson Defendants.  He further alleges, that Judge Hoff unlawfully converted his affidavit of prejudice into a motion to dismiss, which she then denied.  Finally, he alleges that Judge Hoff and the White Peterson Defendants conspired against him when

Judge Hoff ruled in favor of TRESCO.

On June 22, 2006, Idaho Deputy Attorney General Roger Gabel filed a Motion to Dismiss with this Court (Docket No. 19).  On June 23, 2006, Young was served with the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements" (Docket No. 27).  Young's response to the Motion to Dismiss was due by July 17, 2006.  Young made several filings prior to the July 17 deadline, but no response brief was filed.

On June 27, 2006, Young filed a document entitled "Supplemental Notice of Lis Pendis Against Joined Party Defendant Roger L. Gabel," (Docket No. 29).  It appears that Young was attempting to add Gabel as a defendant in this action.  On July 14, 2006 Young filed a "Supplemental Complaint" which purports to include Gabel as a defendant based on his alleged role in the conspiracy (Docket No. 46).  Apparently, Young believes that he can continue to add anyone to the lawsuit who represents those whom he is suing.

The Supplemental Complaint also purports to include Idaho District Judge Gregory Culet as a defendant.  He alleges that Judge Culet is part of the conspiracy because on June 26, 2006 he directed Young to appear at a show cause hearing, which allegedly constituted an unlawful interference with the instant case.    On June 29, 2006, the White Peterson Defendants, through their counsel Defendant

**Memorandum Decision and Order – Page 4**

Wilkinson, filed a Motion to Dismiss and for Attorney Fees (Docket No. 34).

Wilkinson included in his motion a request that the claims asserted against him

also be dismissed.  Wilkinson is a member of the White Peterson law firm.  A

second Motion to Dismiss the claims against Judge Hoff (Docket No. 43) was

filed, and additional Motions to Dismiss were filed on behalf of Gregory  Culet and

Roger Gabel (Docket Nos. 60 and 61).

## DISCUSSION

### Rule 12(b)(6) Standard

A complaint should not be dismissed for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Court is required to

treat all allegations of material fact as true and to construe them in a light most

favorable to the non-moving party.  *Id*. (quoting *Western Reserve Oil & Gas Co. v.

New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

Still, the Court will not accept legal conclusions as true merely because they are

presented in the form of factual allegations, unless the facts alleged support those

conclusions.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.

**Memorandum Decision and Order – Page 5**

1994).  Young must plead more than just his assertions or conclusions of law; rather he must show some facts that would tend to support his claim.  *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) (stating that "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss").

From the record before the Court, it does not appear that Young filed responses to any of the pending Motions to Dismiss.  Under the District of Idaho Local Civil Rule 7.1(e), the Court may consider an adverse party's failure to file a response to a motion as consent to the granting of the motion.  However, the Court will review all of Plaintiff's pro se filings, including proposed amended complaints, in order to determine whether Young has set forth any viable claims upon which he can proceed.

### Rooker-Feldman Doctrine

Federal district courts lack jurisdiction to review or set aside state court judgments; nor can a federal court adjudicate issues that are "inextricably intertwined" with those adjudicated by the state court.  *See Johnson v. DeGrandy*, 114 S. Ct. 2647, 2653-56 (1994).  This is known as the "Rooker-Feldman doctrine" which arises out of two Supreme Court cases.  *Rooker v. Fidelity Trust Co.*, 44 S. Ct. 149, 150 (1923); *District of Columbia Court of Appeals v. Feldman*, 103 S. Ct. 1303, 1316 (1983).  The rationale for this doctrine is that a lower federal court

cannot review or second guess state court judgments, even if litigants believe them to be wrongly decided. *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)(judicial errors committed in state court must be corrected through appeals in the state court system, up through the United States Supreme Court). A district court can dismiss an action if a party in the state action attempts to relitigate issues presented to the state court. *Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995). It appears that Young is attempting to create a federal "conspiracy" claim in order to challenge a state court judgment. A similar fact pattern is found in *Elwood v. Drescher*, 456 F.3d 943, 945 (9th Cir. 2006) in which the plaintiff in a civil rights action alleged a conspiracy in which the "judges and commissioners of Superior Court of Los Angeles County have declared war on Darla Elwood and anyone associated with her." *Id.* The plaintiff also sued the attorneys who represented her former husband and the state's child support enforcement agency. The plaintiff's claims were dismissed based on the Rooker-Feldman doctrine, an abstention doctrine, and judicial immunity. *Id.* at 944-45. The claims were found to be frivolous, groundless, and without foundation. *Id.*

Additionally, a federal court must dismiss a claim that is inextricably intertwined with a prior state court order or judgment. This arises when the state court judgment or ruling allegedly caused the injury to the plaintiff. *Tal v. Hogan*,

**Memorandum Decision and Order – Page 7**

453 F.3d 1244, 1256-57 (10th Cir. 2006)(dismissing plaintiff's RICO conspiracy claim brought against litigants in the prior state court action); *see also Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)(holding that a plaintiff may not seek a reversal of a state court judgment simply by characterizing it in a complaint as a civil rights action); *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 299-300 (7th Cir. 2003)(including allegations of a conspiracy and due process violations in a complaint was a transparent attempt to move a state court dispute to federal court).

Young alleges that a conspiracy arose in the Idaho state court, during TRESCO's lawsuit against Young. The core of the conspiracy is the alleged collusion between Judge Hoff and the White Peterson Defendants that resulted in a ruling against Young in the show cause hearing. It is obvious that Young disagreed with Judge Hoff's decisions in the state court action, but in the adversarial process, a judge generally must agree with one side and disagree with the other. Therefore, Judge Hoff's adverse rulings in the state court action were a product of the judicial process, not a corruption of it. *See In Re Golant*, 239 F.3d 931, 938 (7th Cir. 2001)(explaining that adverse rulings are insufficient to show bias or a conspiracy). Based on the foregoing, Young's lawsuit is subject to dismissal for lack of subject matter jurisdiction in this Court. Because of the

**Memorandum Decision and Order – Page 8**

nature of Young's claims, there is no set of facts which would entitle him to relief, and therefore, he will not be given leave to file an amended complaint.  *Durning v. First Boston Corp.*, 815 F.2d at 1267.

In proposed "supplemental" amended complaints, Young alleges that Deputy Attorney General Gabel and Judge Culet were somehow involved in the conspiracy.  Young alleges that these individuals conspired with the other Defendants to keep the violation of his rights from coming to light.  Because the Court finds that it does not have jurisdiction to review the state court proceedings, the Court lacks jurisdiction over the alleged conspiracy of Gabel and Culet to further the state court conspiracy.  *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d at 299.

### Section 1983 Claim

Although Young's claims are subject to dismissal on jurisdictional grounds, he is also advised that his attempt to bring a § 1983 claim against Defendants fails to state cognizable constitutional claims.  The caption of Young's Amended Complaint states it is "analogous to 42 U.S.C. 1983, 1985 & 1986."  Therefore, it is somewhat unclear whether Young is actually intending to proceed on a civil rights claim.

To state a claim under § 1983, a plaintiff must allege a violation of rights

**Memorandum Decision and Order – Page 9**

protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In the civil rights case law, there are immunities which protect certain individuals from a lawsuit. For example, Judges Hoff and Culet are protected by judicial immunity which bars a § 1983 claim against them. *Stump v. Sparkman*, 435 U.S. 349, 356-60 (1978)(the performance of judicial acts is protected by an immunity from suit). Young alleges that Judge Hoff violated his rights in the show cause hearing because she did not admit his evidence or allow him to cross-examine his witnesses. He also claims that Judge Hoff erred when she converted his affidavits of bias to a motion to dismiss, which she subsequently denied. These alleged actions are judicial in nature. Young's allegation that Judge Hoff conspired with the White Peterson Defendants does not abrogate her judicial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986)(en banc)(a conspiracy between the judge and a party, while clearly improper, nevertheless does not pierce judicial immunity).

Plaintiff is further advised that the White Peterson Defendants do not qualify as state actors, a necessary element of a civil rights action. *See Crumpton*, 947 F.2d at 1420. The general rule is that a state actor, not a private person, must

**Memorandum Decision and Order – Page 10**

cause the deprivation of civil rights.  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2002).  Only if a private person was "a willful participant in joint action with the State or its agents" can their conduct be construed as state action.  *Id.* (quoting *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183 (1980)).  Young cannot convert TRESCO's attorneys into state actors merely because they successfully brought a lawsuit against Young in state court.  A private law firm, representing a private party such as TRESCO in state court, is engaging in a private function in a public arena which does not rise to the level of performing a public function.  *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1214 (9th Cir. 2002)(citing *Vincent v. Trend W. Tech. Corp.*, 828 F.2d 563, 569 (9th Cir. 1987)). Therefore, Young has failed to allege any facts against the White Peterson defendants, showing that they are appropriate defendants in a civil rights action.

### Section 1985 and 1986 Claims

Plaintiff also makes a claim under 42 U.S.C. § 1986.  A prerequisite to stating a Section 1986 claim is stating a Section 1985 claim.  *See McCalden v. California Library Association*, 955 F.2d 1214, 1223 (9th Cir. 1992), *cert. denied*, 504 U.S. 957, 112 S. Ct. 2306 (1992).  Section 1985 governs conspiracies to

interfere with civil rights.[1]  Plaintiff's Complaint does not specify the subsections of Section 1985 under which he brings his claims, but the only potentially pertinent portions of the statute are Section 1985(2) and (3).  In order to state a claim under either Section 1985(2) or (3), Plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions.  *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (stating that

---

[1]42 U.S.C. § 1985 provides, in pertinent part, as follows.

(2) . . . if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;  or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;  or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy;  in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

**Memorandum Decision and Order – Page 12**

§ 1985(3) is meant to protect classes of people and is not "a general federal tort law").

Plaintiff has failed to allege that he is a member of a racial group or other protected class against whom a conspiracy was perpetrated.  Therefore, he cannot state a cognizable claim under Section 1985.

**Attorney Fees**

In *Elwood v. Drescher*, 456 F.3d 943, 945 (9th Cir. 2006), the Ninth Circuit Court of Appeals held that where a claim is dismissed for lack of subject matter jurisdiction, the defendant is not considered to be a prevailing party.  Therefore the district court lacks jurisdiction to award attorney fees against the plaintiff.  *Id*.  If the Court had jurisdiction over Young's claims, it could only award attorney fees if the action is frivolous, unreasonable, or without foundation.  *Christianburg Garment Co. v. Equal Employ. Opp. Comm'n*, 434 U.S. 412, 421 (1978).  The Supreme Court emphasized that attorney fees should not be awarded to defendants, simply because the plaintiff was ultimately unsuccessful.  *Id.* at 422.

In *Hughes v. Rowe*, decided two years after *Christianburg*, the Court stated, "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies of his claim."  *Hughes v. Rowe,* 449 U.S. 5, 15 (1980).  The Ninth Circuit held that *Christianburg* should be applied "with

**Memorandum Decision and Order – Page 13**

attention to the [pro se] plaintiff's ability to recognize the merits of his or her claims."  *Miller v. Los Angeles County Board of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987).

Young has now been advised that his Complaint is subject to dismissal, and he has also been provided with the legal standards required for civil rights claims in federal court.  In the event Young continues to pursue the claims he has attempted to assert in this action, the Court will consider further filings to be frivolous.  His attempts to file liens on all those involved in the state court action, indicates a stubborn refusal to obtain legal advice on the merits of his claims against the Defendants in this action.  Therefore, Young runs the risk of being declared a vexatious litigant for pursuing frivolous litigation against parties in an attempt to annoy and harass them.

Based on the foregoing, the Defendants' request for attorney fees is denied at this time.

### Consolidation and Notice of Removal

On July 13, 2006, Young filed a document entitled "Verified Notice of Removal" with this Court.  Docket No. 1, *CV06-276-BLW*.   Young is attempting to remove a state court action filed in Canyon County to the federal court.  The state court action is a Petition for Release of Nonconsensual Common Law Lien in

**Memorandum Decision and Order – Page 14**

which the White Peterson attorneys are the petitioners. *Id.*, Exhibit A. Apparently, Young filed a $10,000,000 lien against the attorneys' real and personal property, and they are seeking to have the lien released.

Young's alleged basis for the removal is that the state court petition "is in trespass upon process now pending before the District Court of the United States of America for the District of Idaho." *Id.*, p. 2. Included in the notice of removal are many of the same allegations as contained in the present lawsuit. Young claims that these allegations give rise to a federal question upon which removal jurisdiction can be based. *Id.*, p. 6.

The Court will consolidate CV06-276-S-BLW, *Dinius v. Young*, with the present lawsuit because it involves Young's attempt to use the federal court as a way to challenge state court proceedings. The Court lacks jurisdiction to hear the removed case, and therefore, Young's case was improperly removed to federal court. A defendant has the right to invoke federal removal jurisdiction only if the state court case could have been originally filed in federal court. *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The White Peterson attorneys' state court petition is not a claim that could have been originally filed in federal court. Young's allegation that the state court petition "trespasses" on his federal civil rights claim fails because a close relationship between a state court case and a

pending federal court action is not a ground for removal to federal court.

*Syngentia Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002); *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705 (8th Cir. 2003).

Therefore, case number CV06-276-S-BLW is remanded to state court.  A copy of this Order shall be served on both the Idaho district court of the Third Judicial District in Canyon County and the petitioners in the state court action.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's lawsuit is subject to dismissal for lack of subject matter jurisdiction in this Court.  The Motions to Dismiss (Docket Nos. 19, 34, and 43) are hereby GRANTED.

IT IS FURTHER ORDERED that the Motions to Dismiss (Docket Nos. 60 and 61) are hereby deemed MOOT.

IT IS FURTHER ORDERED that the Motions for Attorney Fees (Docket Nos. 19, 34, and 43) are hereby DENIED.

IT IS FURTHER ORDERED that CV06-276-S-BLW be consolidated with

CV06-214-S-BLW.  Case number CV06-276-S-BLW is remanded to state court.

**Memorandum Decision and Order – Page 16**

A copy of this Order shall be served on both the Idaho district court of the Third

Judicial District in Canyon County and the petitioners in the state court action.



DATED:  **October 4, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 17**